# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL BRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE KNOWLES, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-0866-LJO-NEW (DLB) PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS DIAZ AND RIEZEBOS<br><br>(Doc. 1) |

I.    Screening Order

　　A.    Screening Requirement

Plaintiff Darrell Bradford ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 18, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may
7  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
8  could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff
9  will ultimately prevail but whether the claimant is entitled to offer evidence to support the
10 claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
11 unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
13 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
15 pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
16 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
17 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
18 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
19 1982)).
20       B.      Plaintiff's Claims
21  Plaintiff is currently housed at Kern Valley State Prison, where the event at issue in this
22 action allegedly occurred. Plaintiff names Acting Warden Mike Knowles, Correctional Sergeant
23 J. Diaz, and Correctional Officer J. Riezebos as defendants. Plaintiff is seeking money damages.
24 The claim in this action arises from the alleged failure to protect plaintiff from another inmate.
25            1.      Claim Against Defendants Diaz and Riezebos
26  Plaintiff alleges that on February 15, 2006, he informed defendants Diaz and Riezebos
27 that his life had been threatened by another inmate in the same housing unit and cell block.
28 ///

Plaintiff alleges that neither defendant took any action to protect plaintiff and he was stabbed in the back of the neck on February 28, 2006.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendants Diaz and Riezebos for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

    2. Claim Against Defendant Knowles

Plaintiff alleges that defendant Knowles is responsible for training and supervising defendants Diaz and Riezebos. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged

3

deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendant Knowles personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Defendant Knowles' official position as acting warden is an insufficient basis upon which to impose liability under section 1983, and plaintiff therefore fails to state a claim against him.

C.   Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendants Diaz and Riezebos for failing to protect him, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendant Knowles. The court will provide plaintiff the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Diaz and Riezebos for failing to protect him, plaintiff may so notify the court in writing, and the court will issue a Findings and Recommendations recommending that defendant Knowles be dismissed from this action, and will forward plaintiff two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to file a second amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule

15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Diaz and Riezebos on his Eighth Amendment failure-to-protect claim; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 10, 2007**          **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE