# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL BRADFORD,<br><br>   Plaintiff,<br><br>   v.<br><br>MIKE KNOWLES, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:07-cv-00866-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION PROCEED AGAINST DEFENDANTS DIAZ AND RIEZEBOS FOR VIOLATION OF THE EIGHTH AMENDMENT AND DEFENDANT KNOWLES BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Docs. 1 and 10) |

I.   Procedural History

Plaintiff Darrell Bradford ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 18, 2007. On September 11, 2007, the court issued an order finding that plaintiff's complaint states a cognizable claim for relief under section 1983 against defendants Diaz and Riezebos for failing to protect him, in violation of the Eighth Amendment, but does not state a claim under section 1983 against defendant Knowles. The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against defendants Diaz and Riezebos. On October 2, 2007, plaintiff filed a notice requesting to proceed only against defendants Diaz and Riezebos. Based on plaintiff's notice, this Findings and Recommendations now issues.

///

///

II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

III.     Plaintiff's Claims

The events at issue in this action allegedly occurred at Kern Valley State Prison, where plaintiff was housed at the time. Plaintiff names Acting Warden Mike Knowles, Correctional Sergeant J. Diaz, and Correctional Officer J. Riezebos as defendants. Plaintiff is seeking money damages. The claim in this action arises from the alleged failure to protect plaintiff from another inmate.

A.     Claim Against Defendants Diaz and Riezebos

Plaintiff alleges that on February 15, 2006, he informed defendants Diaz and Riezebos that his life had been threatened by another inmate in the same housing unit and cell block. Plaintiff alleges that neither defendant took any action to protect plaintiff and he was stabbed in the back of the neck on February 28, 2006.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendants Diaz and Riezebos for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

B.     Claim Against Defendant Knowles

Plaintiff alleges that defendant Knowles is responsible for training and supervising defendants Diaz and Riezebos. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendant Knowles personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Defendant Knowles' official position as acting warden is an insufficient basis upon which to impose liability under section 1983, and plaintiff therefore fails to state a claim against him.

IV.     Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendants Diaz and Riezebos for failing to protect him, in violation of the Eighth Amendment, but does not state a claim under section 1983 against defendant Knowles. Plaintiff was provided with the opportunity to file an amended complaint, but has opted to proceed on his original complaint against defendants Diez and Riezebos. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's original complaint, filed June 18, 2007, against defendants Diaz and Riezebos for failing to protect him, in violation of the Eighth Amendment; and

2. Defendant Knowles be dismissed from this action based on plaintiff's failure to state a claim upon which relief may be granted against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 4, 2007**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE