1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT FOR THE

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   DARRELL BRADFORD,                    1:07-cv-00866-LJO-GSA (PC)

12          Plaintiff,

                                          ORDER DENYING MOTION FOR
13   vs.                                  APPOINTMENT OF COUNSEL

14   MIKE KNOWLES, et al.,
                                          (DOCUMENT #22)
15          Defendants.

16   _____/

17          On June 23, 2008, plaintiff filed a motion seeking the appointment of counsel.

18   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

19   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to

20   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court

21   for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in

22   certain exceptional circumstances the court may request the voluntary assistance of counsel

23   pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court

25   will seek volunteer counsel only in the most serious and exceptional cases.  In determining

26   whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of

27   success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of

28   the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1        In the present case, the court does not find the required exceptional circumstances.

2  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious

3  allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is

4  faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court

5  cannot make a determination that plaintiff is likely to succeed on the merits, and based on a

6  review of the record in this case, the court does not find that plaintiff cannot adequately articulate

7  his claims.  Id.

8        For the foregoing reasons, plaintiff's motion for the appointment of counsel is

9  HEREBY DENIED, without prejudice.

10

11    IT IS SO ORDERED.

12    **Dated:**   **June 30, 2008**              **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28